[Cite as *State v. Legge*, 2012-Ohio-747.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-10-56

    v.

ROBERT J. LEGGE,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Lima Municipal Court
Trial Court No. 10CRB02093

Judgment Reversed and Cause Remanded

Date of Decision: February 27, 2012

APPEARANCES:

    *F. Stephen Chamberlain* for Appellant

    *Destiny R. Hudson* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Robert J. Legge ("Legge"), appeals the judgment of the Lima Municipal Court, finding him guilty of public indecency and sentencing him to 180 days in jail. On appeal, Legge contends that the trial court erred in finding that the offense was a misdemeanor of the first degree, when it should have been classified as a misdemeanor of the second degree. For the reasons set forth below, the judgment is reversed.

{¶2} On July 6, 2010, a mother and her two children saw Legge masturbating while sitting in his vehicle in a local park in Lima, Ohio. On July 8, 2010, two adult females saw Legge masturbating in the same park. Both incidents were reported to the Lima police.

{¶3} On July 10, 2010, Legge was observed in a park located in Lafayette, Ohio, during a birthday party for a group of young females between the ages of 12 and 14 years old. Legge followed and watched the children for several hours and a call was made to law enforcement. Legge was in his car with his penis out when stopped by the police.

{¶4} In early July, Legge was charged with multiple misdemeanor offenses which included two counts of public indecency and one count of menacing by stalking. Legge originally entered not guilty pleas to all of the charges. After pre-trial negotiations, the State agreed to dismiss several charges in exchange for a

plea to the remaining counts. This appeal involves Case No. 10CRB02132, charging Legge with public indecency on or about July 8, 2010, in violation of R.C. 2907.09(A)(3). The complaint in this case stated:

> Robert J. Legge, *having previously been convicted of public indecency in case number 10CRB01647* in Lima Municipal Court, did recklessly engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household. (Emphasis added.)

{¶5} On July 23, 2010, Legge withdrew his plea of not guilty and entered a plea of no contest. The trial court found Legge was guilty and sentenced him to serve 180 days in the Allen County Jail, with credit for 11 days served. The sentence was to run consecutive to his jail time in case number 10CRB02120.

{¶6} Legge appeals this sentence, raising the following assignment of error.

### Assignment of Error

**The trial court committed error prejudicial to [Legge] in finding that the charge of public indecency to which [Legge] pled guilty was a misdemeanor of the first degree when, in point of fact, the violation was only a misdemeanor of the second degree.**

{¶7} Legge asserts that a violation of R.C.2907.09(A)(3) is generally classified as a third degree misdemeanor. Two conditions may elevate the offense: prior convictions, or, if the current act was likely to viewed by a minor. See R.C. 2907.09(C)(3). Because the complaint contains no allegation that the

offense took place near, or was likely to be viewed by a minor, the only elevating factor stated in the complaint was the prior conviction in case number 10CRB01647. Therefore, Legge asserts that his offense should only have been elevated to a second-degree misdemeanor, not a first degree misdemeanor.

{¶8} The State also agrees with Legge and has no objection to the matter being remanded back to the trial court for resentencing. A violation of R.C. 2907.09(A)(3) is generally a misdemeanor of the third degree. However, R.C. 2907.09(C)(3) states:

> Except as otherwise provided in division (C)(3) of this section, a violation of division (A)(2) or (3) of this section is a misdemeanor of the third degree. If the offender previously has been convicted of or pleaded guilty to one violation of this section, a violation of division (A)(2) or (3) of this section is a misdemeanor of the second degree * * *

Furthermore, R.C. 2945.75 states in pertinent part:

> (A) When the presence of one or more additional elements makes an offense one of more serious degree:
>
> (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

{¶9} In the case at bar, the complaint stated that Legge was previously convicted of public indecency. Since the complaint failed to state the degree of the offense and tracked only the language for a misdemeanor of the second degree,

Legge should have been sentenced to a second degree misdemeanor sentence. Legge's assignment of error is sustained.

{¶10} Having found error prejudicial to the Appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**